## McElhaney v. McElhaney

*Albert Foster*, for plaintiff.

MACPHAIL, P. J., April 12, 1967.—This action in divorce is based upon an allegation of indignities to the person.

On two occasions during his testimony, plaintiff referred to a separation agreement between the parties consummated in 1963. It does not appear from the record whether the agreement was oral or written, but it does appear as though plaintiff's counsel was consulted by plaintiff in the company of his wife in connection with the agreement. Plaintiff testified that the agreement pertained to the support of the children born of the marriage, but the record is bare with respect to any of the details of the agreement.

While the law generally is that a mere agreement of separation executed after the commission of cruelty or indignities is not a bar to a divorce on those grounds (Freedman: Law of Marriage and Divorce in Pennsylvania (2d ed.) §349), such a rule of law must be qualified to the extent that the separation agreement must be consistent with the evidence reported by the master: Yeager v. Yeager, 19 Dist. R. 726 (1910). In the present case, we have no details concerning the separation agreement other than that it did cover support for the children. If the agreement was in writing, a true copy thereof should be submitted to the master as a part of the record of the case. If the agreement was oral, the details thereof should be spread on the record by plaintiff. That this requirement is more than a mere technicality is demonstrated by the fact that on at least one occasion a defendant attempted to reopen a divorce proceeding after the decree had been entered, on the ground that a separation agreement between her and her husband operated as a bar to plaintiff's action: Tozzi v. Tozzi, 24 Luz. 33 (1925). Although the court ruled against the wife in that case, we are of the opinion that the risk of such an action can be and should be avoided by spreading the agreement on the record. Furthermore, we are of the opinion that it is the master's duty to make a diligent inquiry into such agreements to protect the interest of the Commonwealth in divorce matters.

And now, April 12, 1967, for the reason given, the above divorce is referred back to the master for further proceedings consistent with the foregoing opinion.